**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4027**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RIGOBERTO OTAVO MORALES, a/k/a Gerardo Cantu,
a/k/a Victor,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Thomas E. Johnston,
District Judge.  (5:06-cr-00093-1)

_____

Submitted:  August 22, 2007          Decided:  October 23, 2007

_____

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Timothy P. Lupardus, Pineville, West Virginia, for Appellant.
Charles T. Miller, United States Attorney, Miller A. Bushong, III,
Assistant United States Attorney, Beckley, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rigoberto Otavo Morales pled guilty pursuant to a written plea agreement to one count of aiding and abetting the possession with intent to distribute cocaine, in violation of 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1) (2000). Morales was sentenced by the district court to sixty-three months' imprisonment. Finding no error, we affirm.

On appeal, Morales contends the district court erred in denying him a two-level decrease under U.S. Sentencing Guidelines Manual § 3E1.1 (2005). Morales asserts that he demonstrated his acceptance of responsibility by admitting his guilt "at least four times" and discussing relevant conduct beyond the charged offense. He maintains that the only testimony supporting the district court's determination was that of the probation officer, and argues that the "misunderstanding" in his presentence interview was "due to a language barrier."

When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Section 3E1.1(a) of the Sentencing Guidelines provides for a two-level decrease to the offense level if a defendant clearly demonstrates acceptance of responsibility. "However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court

determines to be true has acted in a manner inconsistent with acceptance of responsibility." USSG § 3E1.1, comment. (n.1(a)). Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," his determinations are "entitled to great deference on review." Id. at comment. (n.5).

The probation officer testified that it is her practice to ask open-ended questions when interviewing defendants. Specifically, she asks defendants "to tell [her] in their own words what occurred, what brought them to the place that they're in, to the indictment that they have in the current case." Morales's responses to these open-ended questions were inconsistent with the evidence proffered by the Government.

After hearing testimony from Morales, the probation officer, and the interpreter who was present during the presentence interview, the district court stated that it was "persuaded" by the fact that the probation officer "ask[ed] very open-ended, non-leading questions as a part of her practice to give the defendant an opportunity to make a statement with regard to his role in the offense and acceptance of responsibility." The court determined that rather than truthfully discussing the offense, Morales responded with false or incomplete information that was intended to minimize his culpability. Though Morales attempts to explain his inaccurate answers by referencing his limited ability to speak and understand English, this explanation is belied by the fact that the

questions were open-ended and thus did not require specific answers. Moreover, the probation officer testified that the interpreter's services were used when Morales appeared confused.

Under these circumstances, we conclude the district court's findings of fact were not clearly erroneous. To the extent Morales challenges the probation officer's testimony, witness credibility is solely within the province of the factfinder and will not be reassessed on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Thus, because the district court properly calculated and considered the advisory guideline range and weighed the relevant 18 U.S.C. § 3553(a) (2000) factors, we conclude Morales's sixty-three month sentence, which was below the statutory maximum and no greater than the advisory guideline range, is reasonable. See Green, 436 F.3d at 457; United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005); see also Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED